THOMAS GRIER, Adm'r, v. L. A. McAFEE and others.

*Construction of Will—Vested Remainder—Proceeds of land sale, realty.*

A testator devised a plantation to his son, Caleb, and directed other property to be sold and proceeds divided among his three children and twenty-two grandchildren. He further provided that if his son died without issue, the property willed to him should be divided among his grandchildren "living at his death" and his two daughters, three shares each to the daughters and one share to the grandchildren. Caleb died without issue, the two daughters died in his life time, and there were twelve grandchildren living at his death ; *Held,*

(1) The legacies in remainder to the daughters were unconditional and at their death vested in their respective representatives ; and only those grandchildren "living at his death" share in said remainder.

(2) The land (which was sold under decree) retains the same characteristics after as before the sale and descends to the heirs of those who possessed vested estates therein ; and the fund arising therefrom must be divided into eighteen parts, of which the respective representatives of the daughters will. take three each, and the twelve grandchildren one each.

(*Bateman* v. *Latham,* 3 Jones Eq., 35 ; *Wood* v. *Reeves,* 5 Jones Eq., 271, cited and approved.)

CIVIL ACTION for Construction of a Will heard at Fall Term, 1879, of MECKLENBURG Superior Court, before *Buxton, J.*

The plaintiff appealed from the judgment of the court below.

*Mr. W. P. Bynum,* for plaintiff :

Cited and commented on *Jones* v. *Posten,* 1 Ired., 166 ; *Pruden* v. *Paxton,* 79 N. C., 446 ; *Lassiter* v. *Wood,* 63 N. C., 360 ; *Macon* v. *Macon,* 75 N. C., 376.

*Mr. A. Burwell,* for defendants.

SMITH, C. J.     The testator, Andrew Hoyle, died in the year 1858 leaving a will in which the following dispositions of his estate are made.    In the first clause he devises and bequeathes to his deaf mute son, Caleb W. Hoyle, the plantation whereon he resided, and much other property real and personal; and after the payment of his debts and the deduction of other devises and legacies, directs the residue of his visible property to be sold and the proceeds with such debts as may be collected to be equally divided between his three children, the said Caleb, Elizabeth L. Stowe and Margaret Tompkins, and his twenty-two grandchildren, who are specifically mentioned by name, as follows : Three children of the said Elizabeth ;  five children. of the said Margaret Tompkins; seven children of Mary Fullenwider, a deceased daughter; two children of Sarah Grier, another deceased daughter; and five children of Eli Hoyle, a deceased son.

In the sixth clause the testator declares that " if my son Caleb should die without a child or children, the property herein willed to him shall be equally divided among the grandchildren before named, *living at his death,* and my two daughters Elizabeth and Margaret Tompkins, my said two daughters having three shares each, and my said grandchildren having one share each," and further, "should my son Caleb die leaving a wife, that then she should have such part of his real and personal estate as the law gives to the wife of a husband dying without a will."

In the seventh clause the testator appoints three trustees and vests in them the legal estate in the property given to his son Caleb, to be held and managed in trust for his use and benefit during life, and at his death for " his children if he leave any, and if not to go as hereinbefore directed and subject to the provisions before made."     Of the trustees nominated, two only accepted the trust, one of whom died in the year 1875 and the other was removed by a decree of the court of equity in 1867 and the plaintiff appointed in

his place. Caleb W. Hoyle died in February, 1879, without issue and unmarried, and the plaintiff has taken out letters of administration on his estate.

Of the grandchildren named in the will, twelve were living at the death of said Caleb, to-wit: Fannie A , wife of L. A. McAfee ; Sallie, wife of Monroe Forney ; Elizabeth, wife of W. A. T. Miller; Sarah C., wife of H. W. Burton ; Mary A. Barrett, L. A. Hoyle, L L. Tompkins, C. E. Beard ; Mary, wife of — Ballou ; William Stowe, and Margaret C., wife of the plaintiff Thomas Grier, and Thomas Grier.

Two of these children of the testator's daughter, Elizabeth L., died in the life-time of their mother, and the latter also before the death of her brother, Caleb, and a son, William survives.

Margaret, one of the deceased daughters of the said Elizabeth L., died without issue before her sister Catharine, and the latter left surviving her three children, Susan E., wife of B. Lecraft, James L. Lebanch, and Lucius L. Stowe. Margaret M Tompkins, the other daughter of the testator, also died before the said Caleb, leaving four children, Maria Lusk, L. L. Tompkins, C. E. Beard and Mary B., wife of — Ballou. And intermediate between the death of her mother and Caleb, the said Maria died leaving seven children, Albert A., Flora G., Ellen M., James F., Percy B., Grafton B., and Kate B. Lusk.

In 1871 the plaintiff, trustee of said Caleb, with the consent of all those entitled in remainder, made application to the court for a decree for the sale of the lands, and the investment of the proceeds upon the same trusts in a more profitable security, and in 1872 by virtue of such decree the lands were sold as well as the personal estate and the moneys received loaned out and the securities therefor are now held by the plaintiff.

The object of the present suit is to obtain an authoritative

interpretation of certain provisions of the testator's will, to have the rights of the several devisees and legatees interested therein ascertained, declared and adjusted, and the funds in the hands of the plaintiff paid over to the parties entitled; and in order thereto the following questions are propounded :

1. Do the legacies in remainder to the daughters, Elizabeth and Margaret, lapse at their several deaths in the lifetime of Caleb ?

2. Do all the grandchildren named, twenty-two in number, take vested estates in remainder in the property given to Caleb for life, or only such as were living at the time of his decease ?

3. If the legacies to the testator's daughters are vested, how is their share of the fund to be apportioned among their personal representatives and the grandchildren ?

4. Are the proceeds of the lands sold under the decree of the court to be deemed realty still and descendible as such, or are they to be distributed as personal estate among the representatives of such as are deceased ?

The solution of these enquiries disposes of the controversy between the contending claimants, and we respond to them in the order in which they are presented:

First. The legacies in remainder on the death of the life tenant, Caleb, given to the testator's two daughters, Elizabeth and Margaret, are unconditional, and at his death vested in their respective representatives.

Second. Only those of the grand children, who were alive at the time of the death of Caleb, share in the said remainder by force of the qualifying words of the gift, " among my grandchildren living at his death," which render it contingent upon such survivorship. This effect is the obvious intent of the testator as well as the proper construction of the words employed to convey that intention.

Third. As twelve of the grandchildren were alive when the legacies vested at the death of Caleb, this fund must be divided into eighteen parts, of which the respective representatives of the daughters will take three each and the grandchildren one each.

Fourth. The remaining question is more difficult of definite and satisfactory solution in consequence of an insufficient statement of facts. The transcript of the proceedings for the sale of the property, though referred to as an annexed exhibit, is not among the papers and we cannot see precisely what was done and who are affected thereby. The complaint says that with the consent of all the contingent remaindermen, the complainant as trustee with others of the remaindermen, as plaintiffs, instituted the action, for the sale and conversion, from which it must be inferred that a part of the grandchildren living, when the application was made and when all the remainders were contingent and uncertain, were parties, while others gave a verbal assent thereto.

The sale could only pass the legal estate of the trustee and the interests of those who are associated with him (as plaintiffs) in the land; and the shares of such of those as were femes-covert or infants, would remain unchanged as realty, while the conversion would be effectual as to the others. The survivors of the grandchildren, who were not parties to the proceeding, would be unaffected by the sale until they elect to ratify it and take their shares in the substituted fund; and this they may do in the present action. The verbal assent, unless operating as an estoppel against the assertion of the claim in favor of the purchaser, would not have the effect to convey an estate in the land. In this view of the case the land retaining the same characteristics after as before the sale, as we have explained, will descend to the heirs of such intestates as possessed vested estates

therein at the date of their several deaths.  *Bateman* v. *Latham,* 3 Jones Eq., 35; *Wood* v. *Reeves,* 5 Jones Eq., 271.

The ruling of the court below being in accord with our opinion, the judgment must be affirmed.

As in order to a final settlement a reference and account of the trust fund may become necessary and can be more conveniently taken in that court, a decree may be entered declaring the rights of the parties, as herein defined and set out, and remanding the cause for further proceedings in the said superior court.

No error. ′                         Affirmed and remanded.